*In re* THORINGTON'S ESTATE.[1]

APPEAL OF STARKWEATHER.

APPEAL AND ERROR—DISMISSAL—WANT OF PROSECUTION.
> On a motion to dismiss a writ of error, where no bill of exceptions had been settled and no extension of time had been obtained for a return to the writ of error, although the return day of the writ had expired, it appearing that the appellant desired to have the cause remanded for further proceedings before prosecuting his appeal, the court entered an order dismissing the writ, holding that want of diligence or of good faith was shown.

[1] Rehearing denied November 5, 1909.

Harry H. Lippincott, special administrator, presented for probate the last will and testament of Maria S. Thorington, deceased. The will was allowed in the probate court, and John L. Starkweather appealed to the circuit court. A judgment for proponent is reviewed by contestant on writ of error: On motion to dismiss. Submitted June 15, 1909. (Calendar No. 23,378.) Motion granted July 6, 1909.

*James G. Tucker*, for the motion.

*John L. Starkweather*, contra.

BROOKE, J. This is a motion to dismiss a writ of error issued out of this court in the above-entitled cause on April 16, 1909, for want of prosecution. Attached to the motion is a sworn copy of the journal entries in the circuit court for Macomb county, from which it appears that a verdict for the proponent of the will was entered on the 16th day of April, 1908. The time for moving for a new trial or settle a bill of exceptions according to said entries appears to have been extended to December 7, 1908. In the meantime a motion for a new trial had been made to the circuit judge, and upon October 26, 1908, said motion was denied. From the journal entries it is apparent that the trial lasted from April 1 to 16, 1908, inclusive. The affidavit of the stenographer is attached to the motion, and shows that up to the present time no full transcript of the testimony has been made. One was ordered by the contestant in the spring of 1908, but said order was later countermanded. Some excerpts thereof have been made, and have been sent to the court. The writ of error issued on April 16, 1909, was made returnable on May 25, 1909. No motion has been made on behalf of the contestant for an extension of time within which the writ of error might be returned, which might have been done under Supreme Court Rule 7. On the contrary, he has made a motion,

"To remand this cause to the circuit court, Macomb

county, and for Judge Erskine to hear and determine the motion and petitions pending before the circuit court of said county at the end of the year, which by the practice is the time allowed for a motion for a new trial for settling a bill of exceptions (said Circuit Judge Erskine being in Europe at the end of the year )."

As before noticed, the circuit judge had already, on October 26, 1908, formally denied the contestant's motion for a new trial, filing written reasons for said denial. So far as it is possible to understand the contestant's position from the papers before us, it is apparent that he desires the case remanded to the circuit court for the purpose of obtaining the decision of the circuit judge upon his supplemental petitions for a rehearing of his motion for a new trial. Taking into account the circuit court journal entries which are before us, indicating the failure of contestant to have his time properly extended to settle bill of exceptions, his failure to order a copy of the testimony, and the further fact that up to the present time no proposed bill of exceptions has been settled or even served on the attorney for the estate, we are of opinion that it cannot be said that contestant is attempting to prosecute his appeal with diligence or in good faith.

The motion of contestant to remand will be denied, and the motion on the part of the estate for a dismissal of the writ of error is granted, with costs.

BLAIR, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.